# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAYSEN BELL,

                                    :

          Petitioner,                              Case No. 1:10-cv-469

                                    :          District Judge William O. Bertelsman
    -vs-                                     Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,

                                    :

          Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (Doc. No. 16).  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The Petition contains seven Grounds for Relief.  Petitioner objects to the Magistrate Judge's recommended disposition only on Grounds One, Two, Three, Four, and Seven, as well as to the recommended denial of a certificate of appealability.  Of those Grounds on which objection is made, the Magistrate Judge believes additional analysis is needed only on Ground Four.

### Ground Four

In Ground Four, Petitioner asserts that he was denied a fair trial by the prosecutor's misconduct.  The Warden asserted this Ground for Relief was procedurally defaulted for lack of contemporaneous objection and the Magistrate Judge agreed.

Petitioner does not contest the prima facie conclusion of procedural default, but alleges it should be excused because of (1) actual innocence or (2) ineffective assistance of trial counsel.

In the Petition, Mr. Bell claimed that he was actually innocent.  After summarizing the governing law, the Report concluded "Petitioner here has not tendered any new evidence of actual innocence."  (Report and Recommendations, Doc. No. 16, PageID 693.)  In the Objections, Petitioner writes on this point: "As Bell presented in his Petition, he took and passed two separate polygraph examinations which proved he did not commit these alleged criminal actions." (Objections, Doc. No. 17, PageID 709.)

However, the actual innocence "gateway" used to excuse procedural default requires **new** evidence of actual innocence, evidence acquired after the trial:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

*Souter v. Jones,* 395 F.3d 577, 590 (6ᵗʰ Cir. 2005).  The polygraph results are not new evidence – they were available at the time of trial.  Indeed, one of Petitioner's Fifth Ground for Relief complains that these same polygraph results were excluded at trial.

In addition to being "old" evidence, the polygraph results are not so reliable in themselves as to persuade this Court that Petitioner is actually innocent.  The Sixth Circuit generally disfavors admitting the results of polygraph examinations.  *King v. Trippet,* 192 F.3d 517, 523-24 & n. 3 (6ᵗʰ Cir. 1999); *United States v. Blakeney,* 942 F.2d 1001 (6ᵗʰ Cir. 1991).  In *United States v. Scarborough*, 43 F.3d 1021 (6ᵗʰ Cir. 1994), a post-*Daubert* case, the court expressed its "long held opinion that the results of a polygraph are inherently unreliable," without considering the impact of *Daubert*.  The Sixth Circuit has repeatedly held that the result of a unilaterally obtained polygraph examination are almost never admissible under FRE 403.  *United States v. Sherlin*, 67 F.3d 1208 (6ᵗʰ Cir. 1995).  The Supreme Court has acknowledged there remains no scientific consensus on reliability and has held there is no constitutional right to have results admitted at trials.  *United States v. Scheffer*, 523 U.S. 303 (1998). In sum, Petitioner has not established that he satisfies the "actual innocence" gateway to excuse his procedural default on Ground Four.

Alternatively, Petitioner asserts his procedural default can be excused by the ineffective assistance of his trial counsel in not objecting to these asserted instances of prosecutorial misconduct.  Petitioner is correct that ineffective assistance of trial counsel can constitute excusing cause for a procedural default.  (Objections, Doc. No. 17, citing *Murray v. Carrier,* 477 U.S. 478 (1986).)

However, before an ineffective assistance of trial counsel claim can be relied on as excusing cause and prejudice, that claim itself may not have been procedurally defaulted.  That is, it must also

have been presented to the state courts for their decision.  *Edwards v. Carpenter,* 529 U.S. 446 (2000).  This particular claim of ineffective assistance of trial counsel was one that could have been decided on the record and therefore Ohio procedural law required that it be presented on direct appeal or be forfeited.  *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967).  The claim of ineffective assistance of counsel which Mr. Bell actually presented on direct appeal was the claim he presented in the Petition as his Third Ground for Relief, a claim the First District Court of Appeals considered and rejected.  *See State v. Bell,* 2009 Ohio 2335, 2009 Ohio App. LEXIS 2112 ¶¶73-79 (Ohio App. 12th Dist. May 18, 2009).

Therefore Petitioner has not overcome – either by proof of actual innocence or proof of ineffective assistance of trial counsel – his procedural default on his Fourth Ground for Relief.  It is therefore again respectfully recommended that this Ground for Relief be dismissed with prejudice.


September 12, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge



## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing,

the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).